**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE GONZALEZ, | No. 20-55137 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:17-cv-09310-ODW-AS |
| JPMORGAN CHASE BANK, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; NDEX WEST LLC; RUSHMORE LOAN MANAGEMENT SERVICES, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| FRAPPIER TREDER AND WEISS, LLP; REMAX LLC; JOYCE RISKA; DOES, 1-100, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted January 10, 2023[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

This consumer protection action arises out of a mortgage loan that Plaintiff Felipe Gonzalez used to purchase a residential property.[1] The district court dismissed the operative complaint (FAC) without granting Gonzalez leave to amend. Reviewing de novo the district court's dismissal of this action for failure to state a claim, taking all allegations of material fact as true and construing them in the light most favorable to Gonzalez, and reviewing the denial of leave to amend for abuse of discretion, *see Ass'n des Éleveurs de Canards et d'Oies du Québec v. Bonta*, 33 F.4th 1107, 1113 (9th Cir. 2022), we affirm.

1.      Gonzalez narrows his claims substantially on appeal. He abandons all claims in the FAC arising out of "pre-2015 acts" and all claims against Defendants JPMorgan Chase Bank, N.A., Remax LLC, and NDeX West LLC. And as for the remaining Defendants—Federal National Mortgage Association (Fannie Mae) and Rushmore Loan Services LLC (Rushmore)—Gonzalez abandons all claims except for the following: (1) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, (2) violation of California's Rosenthal Act, Cal. Civ. Code § 1788 *et seq.*, and (3) violation of California's Unfair Competition Law

---

[1] As the parties are familiar with the facts and procedural history of this case, we do not recount them in detail here.

(UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Each of these remaining claims fails.

2.     Gonzalez's FDCPA claim against all defendants is time-barred. The statute of limitations for such claims is one year. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1511 n.3 (9th Cir. 1994) (citing 15 U.S.C. § 1692k(d)). The conduct in question occurred in summer of 2015 and May 2016, but Gonzalez did not file suit until December 31, 2017—over a year after all claims accrued.

To the extent Gonzalez attempts to invoke the discovery rule, under which a cause of action does not accrue "until the plaintiff discovers, or has reason to discover, the cause of action," *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013), Gonzalez has not identified any factual allegations that would support application of the discovery rule here. To the contrary, Gonzalez specifically alleges knowledge of both incidents at the time they occurred.[2]

3.     Gonzalez's Rosenthal Act claim is unpreserved because it was not alleged in the FAC. *See, e.g.*, *Winterrowd v. Nelson*, 480 F.3d 1181, 1183 n.5 (9th Cir. 2007) (granting defendants' motion to strike "new claims" that were not presented to the district court). And even if it were preserved, it would be

---

[2] Although the district court did not base dismissal on statute of limitations grounds, we can affirm on any ground raised below and supported by the record. *See, e.g.*, *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015).

time-barred for the same reasons as the FDCPA claim. Cal. Civ. Code § 1788.30(f) (setting forth one-year statute of limitations for Rosenthal Act claims).

4. Gonzalez's UCL claim fails for lack of statutory standing. The UCL limits "standing in a section 17200 action to certain specified public officials and to 'any person who has suffered injury in fact and has lost money or property as a result of . . . unfair competition.'" *Johnson v. GlaxoSmithKline, Inc.*, 83 Cal. Rptr. 3d 607, 620–21 (Ct. App. 2008) (quoting Cal. Bus. & Prof. Code § 17204), *as modified on denial of reh'g* (Oct. 14, 2008). The FAC, however, does not allege any "economic injury" stemming from Rushmore's allegedly unlawful conduct. Gonzalez merely alleges that he was "in a panic" as he and his family "approached their home" and believed they could not get in because of a lockbox Rushmore had installed in summer 2015. He also alleges that he was "upset and defamed" during an incident at the property involving bank representatives in May 2016.

5. The district court did not abuse its discretion in denying Gonzalez leave to amend his complaint a second time. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). Factors allowing a district court to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Leadsinger, Inc. v.*

4

*BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (cleaned up) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Gonzalez not only fails to identify any "new facts" that would support his FDCPA, Rosenthal Act, or UCL claims, but he also fails to explain how any such facts were not "available to [him] even before the first amendment to his complaint." *See, e.g.*, *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (denying leave to amend). Finally, amendment would likely be futile for the reasons explained above.

Because Gonzalez's FAC fails to state a claim, and denial of leave to amend was within the district court's discretion, the judgment of the district court is, in all respects,

**AFFIRMED.**